**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01363-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Terance Taylor Prigge, | |
| Defendant. | |

Pending before the Court is Defendant Terance Prigge's ("Defendant") Motion for Compassionate Release. (Doc. 259.) For the following reasons, the Motion is denied.

## BACKGROUND

In 2015, a jury found Defendant guilty on five counts relating to drug trafficking and money laundering. (Doc. 162.) The Court sentenced Defendant to a term of 320 months, roughly 26-and-a-half-years. (Doc. 212.) Defendant is currently incarcerated at Federal Correctional Institution Safford. On March 15, 2021, Defendant filed this motion seeking compassionate release due to COVID-19, potential errors in sentencing, and changes to the mandatory minimum that was applied in this case.

## DISCUSSION

### I. Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United*

*States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover— one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

## II. Analysis

### A. COVID-19

Defendant fails to show that the COVID-19 pandemic is an extraordinary and compelling reason for his release. Defendant suffers from asthma, obesity, and

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

hypertension. (Doc. 259 at 11.) Although these underlying conditions can increase the likelihood of severe illness if a patient contracts COVID-19, *see People with Certain Medical Conditions,* Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 2, 2021), Defendant already contracted COVID-19 and recovered, (Doc. 259 at 11). As cases of reinfection remain rare, the unlikely possibility that Defendant will contract COVID-19 again does not justify release. *See Reinfection with COIVD-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Aug. 2, 2021) (stating that "[c]ases of reinfection with COVID-19 have been reported, but remain rare"); *see also United States v. Alvarez-Espinoza*, No. CR-08-00611-002-PHX-DGC, 2021 WL 2661477, at *2 (D. Ariz. June 29, 2021) ("The Court finds that the rare chance of COVID-19 reinfection simply does not meet the bar for an extraordinary and compelling reason warranting release.") (internal quotations and citation omitted).

### B. Potential Errors in Sentencing

Defendant also seeks compassionate release because he argues that the twenty-year mandatory minimum, which the Court applied at sentencing, was erroneously applied. However, this type of argument is better suited for a habeas petition, not a compassionate release motion. *See, e.g.*, *United States v. Musgraves*, 840 Fed. App'x 11, 13 (7th Cir. 2021) (reasoning that compassionate release motions are "not for remedying potential errors in a conviction" and that "the correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255, or in rare circumstances, 28 U.S.C. § 2241"); *United States v. Handerhan*, 789 Fed. App'x 924, 926 (3d Cir. 2019) ("§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."). Accordingly, the Court will not grant compassionate release on these grounds.

### C. Changes in Sentencing Guidelines

Finally, Defendant argues that compassionate release, or a reduction in his sentence to fifteen years, is justified because the mandatory minimum for drug trafficking with one

prior "serious drug felony" conviction is now only fifteen years instead of twenty years. The severity of Defendant's conduct and prior criminal history, however, make it unlikely that Defendant would have received a shorter sentence in 2015, even if the mandatory minimum had been fifteen years. Defendant organized and led a sophisticated cocaine-trafficking conspiracy. (Doc. 260 at 1–2.) Defendant did so even after serving seven years in prison for cocaine distribution crimes. *Id.* at 3. Defendant's 26-and-a-half-year sentence takes into account these circumstances. Accordingly, Defendant fails to show that this change in sentencing guidelines presents an extraordinary and compelling reason for his release or a reduction in his sentence.

## CONCLUSION

For the reasons set forth above, Defendant fails to show extraordinary and compelling reasons for his release or a reduction in his sentence.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Terance Prigge's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (C)(1)(A)(i) (Doc. 259) is **DENIED.**

Dated this 10th day of August, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge